## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE NECA-IBEW PENSION BENEFIT TRUST FUND and TRUSTEES OF THE NATIONAL ELECTRICAL BENEFIT FUND ("NEBF"),<br><br>　　　　　　　　Plaintiffs,<br>　vs.<br><br>CHERRY CREEK ELECTRIC, INC.,<br><br>　　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　　Cause No: 14-1703<br>)<br>)<br>)<br>)<br>) |

Serve:  J. William Sharpe
　　　　Registered Agent
　　　　1425 Forest Hills Ave.
　　　　Peoria, IL 61604

## COMPLAINT

### COUNT I - NECA-IBEW PENSION BENEFIT TRUST FUND

**COME NOW** Plaintiffs, Trustees of the NECA-IBEW Pension Benefit Trust Fund (herein "Pension Fund"), and for their cause of action state:

1.　　　　This action arises under Section 301 of the Labor Management Relations Act ("LMRA") of 1947, as amended, 29 U.S.C. § 185, and Sections 502 and 515 of the Employee Retirement Income Security Act ("ERISA") of 1974, 29 U.S.C. §§ 1132 and 1145, each of which provide that Federal District Courts have jurisdiction over suits thereunder.

2.　　　　Plaintiffs Kelly McCord; David G. Butler, Jr.; Steve Hughart; Jimmy Evans; Charles Yancey; Paul Flynn; Stephen D. Wilson; Terry W. Gibson; Larry Noble; Wade Belcher; David Conder; and Mark Kawolsky are Trustees of the Pension Fund.  The Trustees are "fiduciaries" as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

3.      The Pension Fund is a covered "employee benefit plan" as defined in Section 3(1) of ERISA, 29 U.S.C. § 1002(1) and is administered in St. Louis Missouri.  It is a multi-employer plan within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

4.      Defendant Cherry Creek Electric, Inc. ("Cherry Creek") is incorporated and existing under the laws of the State of Illinois.

5.      At all times relevant to this action, Defendant has been engaged in the electrical construction and maintenance business with principal place of business located at 1715 West Woodside Dr., Dunlap, IL 61525-8933.

6.      Defendant is an employer within the meaning of the LMRA, as amended, 29 U.S.C. § 185 and within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

7.      Venue is proper in this Court in that an action brought by Trust Fund fiduciaries may be brought in a District where the breach took place, where a defendant resides or may be found, or where the plan is administered.  Section 502(e)(2) of ERISA, 29 U.S.C.§ 1132(e)(2). The NECA-IBEW Pension Benefit Trust Fund is administered in St. Louis, Missouri.

8.      On February 8, 2013, Robert Jenkins, President of Cherry Creek Electric, Inc., signed a "Letter of Assent-A" binding Defendant to the Inside Labor Agreement then in effect, and all subsequent Inside Labor Agreements, between the Central Illinois (Peoria Chapter) NECA and Local Union 34 IBEW then in effect ("Inside Labor Agreement").  (Ex. 1).

9.      During all times material herein, Defendant Cherry Creek has been obligated by the provisions of the Inside Labor Agreement then in effect to file reports and pay the monthly contributions due to the employee benefit Trust Funds covered by this Complaint for the benefit of eligible bargaining unit employees who are covered under the Trust Agreements and Trust Plans.

10.     The Trust Agreements and Declarations of Trusts of the Plaintiff Trust Funds are incorporated into the Inside Labor Agreement by reference.

11.     During all times material herein, Defendant Cherry Creek employed bargaining unit employees covered by the Inside Labor Agreement.

12.     For the period from February 2013 through October 2013, Defendant Cherry Creek filed reports but failed to pay all of the contributions due to the Pension Fund for hours worked by its bargaining unit employees.

13.     For the period from November 2013 through the present, Defendant Cherry Creek failed to file reports or pay contributions to the Pension Fund for hours worked by its bargaining unit employees as required by the Inside Labor Agreement and ERISA.

14.     Defendant Cherry Creek's failure to pay contributions to the Pension Fund is a continuing violation of the Inside Labor Agreement and ERISA.

15.     Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Defendant Cherry Creek is obligated to pay either liquidated damages provided for pursuant to an employee benefit plan and interest **or** double interest on contributions owed to the Pension Fund.  The Trustees of the Pension Fund have duly established liquidated damages and interest to be applied to any contribution that is not paid when due.

16.     Under Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E) and the Inside Labor Agreement, the Pension Fund is entitled to an audit of Defendant Cherry Creek's books and records to verify the contribution reports and to determine the exact amount of contributions and working dues owed under the Inside Labor Agreement.

17.     Absent an audit, it is impossible for Pension Fund to establish the exact amount of contributions owed to the Pension Fund.

18.     Under Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D) and the Trust Agreements incorporated into the Inside Labor Agreement, Defendant Cherry Creek is obligated to pay attorney's fees and costs incurred by the Pension Fund in collecting unpaid contributions.

**WHEREFORE**, the Trustees of the Pension Fund pray for an order and judgment against Defendant Cherry Creek:

A.     For an accounting and audit, at Defendant Cherry Creek's expense, of the books and records of Defendant in order to determine and verify the precise and exact amounts owed to the Pension Fund for the period from February 1, 2013 to the present;

B.     For payment of unpaid, underpaid, and delinquent contributions owed by Defendant to the Pension Fund for the period from February 1, 2013 through the present as discovered in the audit;

C.     For payment of interest and liquidated damages owed to the Pension Fund on unpaid, underpaid, and delinquent contributions for February 1, 2013 through the present;

D.     For Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter; and

E.     For such further relief as the Court deems just, equitable and appropriate.

## COUNT II - NATIONAL ELECTRICAL BENEFIT FUND ("NEBF")

**COME NOW** Plaintiffs, the Trustees of the National Electrical Benefit Fund ("NEBF") and for their cause of action state:

19.     Plaintiffs reallege and incorporate as part of Count II paragraphs 1 - 11 of Count I as if set out herein in full.

4

20.     The NEBF is a covered "employee benefit plan" as defined in Section (3)(2) of ERISA, 29 U.S.C. § 1002(2).  It is a multi-employer plan within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

21.     Plaintiffs D.R. Borden, Jr. and Lindell Lee are the Trustees of the NEBF.  The Trustees are "fiduciaries" as defined in Sections 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized to bring this action pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

22.     For the period from February 2013 through October 2013, Defendant Cherry Creek filed reports but failed to pay all of the contributions due to the NEBF for hours worked by its bargaining unit employees.

23.     For the period from November 2013 through the present, Defendant Cherry Creek failed to file reports or pay contributions to the NEBF for hours worked by its bargaining unit employees as required by the Inside Labor Agreement and ERISA.

24.     Defendant Cherry Creek's failure to pay contributions to the NEBF is a continuing violation of the Inside Labor Agreement and ERISA.

25.     Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Defendant Cherry Creek is obligated to pay either liquidated damages provided for pursuant to an employee benefit plan and interest **or** double interest on contributions owed to the NEBF.  The Trustees of the NEBF have duly established liquidated damages and interest to be applied to any contribution that is not paid when due.

26.     Under Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E) and the Inside Labor Agreement, the NEBF is entitled to an audit of Defendant Cherry Creek's books and

5

records to verify the contribution reports and to determine the exact amount of contributions and working dues owed under the Inside Labor Agreement.

27.     Absent an audit, it is impossible for NEBF to establish the exact amount of contributions owed to the NEBF.

28.     Under Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D) and the Trust Agreements incorporated into the Inside Labor Agreement, Defendant Cherry Creek is obligated to pay attorney's fees and costs incurred by the NEBF in collecting unpaid contributions.

**WHEREFORE**, the Trustees of the NEBF pray for an order and judgment against Defendant Cherry Creek:

A.      For an accounting and audit, at Defendant Cherry Creek's expense, of the books and records of Defendant in order to determine and verify the precise and exact amounts owed to the NEBF for the period from February 1, 2013 to the present;

B.      For payment of unpaid, underpaid, and delinquent contributions owed by Defendant to the NEBF for the period from February 1, 2013 through the present as discovered in the audit;

C.      For payment of interest and liquidated damages owed to the NEBF on unpaid, underpaid, and delinquent contributions for February 1, 2013 through the present;

D.      For Plaintiffs' reasonable attorneys' fees and costs incurred in prosecuting this matter; and

E.      For such further relief as the Court deems just, equitable and appropriate.

SCHUCHAT, COOK & WERNER

*/s/ Matthew B. Leppert*
Matthew B. Leppert (E.D.Mo. 498814)
Schuchat, Cook & Werner

1221 Locust Street, 2nd Floor
St. Louis, MO 63103
mbl@schuchatcw.com

580060.doc